**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| W.A.S. TERMINALS CORP., <br><br> Plaintiff, <br><br> v. <br><br> DAVID LANDAU, <br><br> Defendant. | Civil Action No. 12-7225 (JLL) (JAD) <br><br> OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant David Landau ("Landau")'s motion to: (1) stay this matter pending the determination by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") of disputed claims between Plaintiff W.A.S. Terminals Corp. ("WAS Terminals") and 126 LLC; (2) dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join 126 LLC as a party under Fed. R. Civ. P. 19; (3) dismiss this matter for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) for failure to plead that the amount in controversy exceeds the jurisdictional amount; and (4) dismiss the third and fourth causes of action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (CM/ECF No. 12-1). The Court has considered the parties' submissions in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Landau's motion to dismiss this matter for lack of subject matter jurisdiction is DENIED. In addition, Landau's motion to stay this proceeding pending the determination by the Bankruptcy Court of disputed claims between WAS

1

Terminals and 126 LLC is GRANTED. Accordingly, the Court declines to address Landau's other motions at this time.

I.  **BACKGROUND**[1]

WAS Terminals, a New Jersey corporation, is the former owner of a tank farm and office building located at 126 Passaic Street in Newark, New Jersey (the "Premises"). (CM/ECF No. 1-2 ¶ 1.01). The president and sole shareholder of WAS Terminals is Sande Wische ("Wische"). (CM/ECF No. 1-4). On August 21, 2006, WAS Terminals executed an agreement of sale (the "Agreement of Sale") to sell the Premises to 126 LLC, a New Jersey limited liability corporation, for $ 5.5 million. (CM/ECF No. 1-2 ¶ 2.01). The sole member of 126 LLC is 8921 153rd Owners Corp. (CM/ECF No. 12-1 at 5). Landau is the President of 8921 153rd Owners Corp. (*Id.*) On October 31, 2006, WAS Terminals and 126 LLC closed the sale. (CM/ECF No. 1-3).

At the closing, 126 LLC obtained a loan in the principal sum of $3 million from WAS Terminals, evidenced by a promissory note (the "Note"). (*Id.*). 126 LLC had already paid $2.5 million of the $5.5 million purchase price to WAS Terminals before executing the Note. The Note is secured by a mortgage encumbering the Premises, assignment of leases and rents, and a security agreement (collectively the "Mortgage"). (*See* CM/ECF No. 1-4).

Also at the closing, Landau executed a guaranty (the "Guaranty") in favor of WAS Terminals. (CM/ECF No. 1-1). The Guaranty is governed by New Jersey law. (*Id.* at ¶ 16). Pursuant to the Guaranty, Landau "absolutely, unconditionally and irrevocably" guaranteed to WAS Terminals:

> "(a) the full and prompt payment of all debts and other sums heretofore due and owing and hereafter to become due and owing from [126 LLC] to [WAS Terminals] under the Note, the Mortgage and all other documents executed by

---

[1] The following facts are accepted as true for purposes of the instant motion.

2

> [126 LLC] in connection with or related to the Loan (collectively, the "Loan Documents");" and

> "(b) the full and timely performance and observance of each and every obligation, term, condition, provision, covenant, representation and warranty of [126 LLC] under the Note, Mortgage and the Loan Documents."

(*Id.* at ¶ 1). Landau also guaranteed to WAS Terminals that he would not convey certain business assets or interests during the term of the Guaranty without WAS Terminals's consent. (*Id.* at ¶¶ 18(e)-(f)). The Guaranty does not require WAS Terminals to bring a legal action against 126 LLC in the event of a default before proceeding against Landau. (*See Id.* at ¶¶ 5(g), 6). However, pursuant to the Guaranty, Landau reserved the right to assert any defense available to 126 LLC under the Agreement of Sale. (*Id.* at ¶ 12).

Ultimately, 126 LLC defaulted on its obligations under the Note and Mortgage. (CM/ECF No. 1-4). In response, 126 LLC entered into an agreement with WAS Terminals on August 7, 2009 (the "Default Agreement"). (*Id.*). Pursuant to the Default Agreement, WAS Terminals settled its then current claims against 126 LLC under the Note in exchange for 126 LLC's commitment to pay all remaining accrued and unpaid interest and other amounts owed. (*See Id.* at ¶ 1). 126 LLC also agreed to pay Wische the sum of $350,000 in full settlement of all amounts due under Wiche's consulting agreement with 126 LLC. (*Id.* at ¶ 7). Of note, WAS Terminals reserved the rights and remedies available to it pursuant to the Note and Mortgage should 126 LLC fail to make the payments required by the Default Agreement. (*Id.* at ¶ 10).

On October 16, 2012, 126 LLC filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code. (CM/ECF No. 12-11). The filing of 126 LLC's petition in Bankruptcy Court operates as an automatic stay pursuant to 11 U.S.C. § 362, prohibiting other actions from proceeding against 126 LLC. (CM/ECF No. 12-1 at 16). As a result, 126 LLC is not a defendant in this action. (CM/ECF No. 12-1 at 16; CM/ECF No. 17 at 7).

3

On November 21, 2012, WAS Terminals brought this action to enforce Landau's obligations under the Guaranty to pay WAS Terminals on behalf of 126 LLC. (CM/ECF No. 1). WAS Terminals alleges that 126 LLC has failed to make the payments required by the Note and Default Agreement. (*Id.*). Subsequently, on February 1, 2013, 126 LLC brought an adversary proceeding against WAS Terminals in the Bankruptcy Court. (CM/ECF No. 12-11). The Court is mindful that this adversary proceeding in bankruptcy is not a distinct piece of litigation, but is, instead, a component of 126 LLC's bankruptcy petition. In the adversary proceeding, 126 LLC seeks to recover damages resulting from WAS Terminals's alleged breach of the Agreement of Sale and wrongful conduct. (*Id.* at ¶ 1). Specifically, 126 LLC contends that WAS Terminals is liable to 126 LLC for environmental cleanup costs and funds recovered from third parties under the Agreement of Sale. (CM/ECF No. 12-1 ¶¶ 41-53). Said liability, Landau maintains, stems from the environmental remediation of the Premises necessitated by the accidental discharge of hazardous and toxic materials on site before 126 LLC owned the Premises. (CM/ECF No. 1-2 ¶ 8.01). Landau requests that the Court stay this matter pending the resolution of the adversary proceeding in the Bankruptcy Court. (CM/ECF No. 12-1 at 3).

## II.     JURISDICTION

Federal district courts have original jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). A court may dismiss a case for failure to meet the amount in controversy requirement if it appears to a "legal certainty" that the claim is for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938); *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). Here, Landau contends that "there is no way for the Court or Landau to know the amount of

damages claimed by WAS Terminals" from the Complaint or the annexed documents. (CM/ECF No. 12-1 at 19). Landau argues that the "mere existence of the $3 million promissory Note" that he allegedly owes WAS Terminals pursuant to the Guaranty does not reflect the amount in controversy. (CM/ECF No. 19 at 11). At best, Landau's argument casts doubt over the total amount that he may owe WAS Terminals. Landau has not demonstrated to a "legal certainty" that Plaintiff's claim is for less than the jurisdictional amount as required by *St. Paul Mercury Indemnity Co.*, 303 U.S. at 541. Consequently, Landau's motion to dismiss WAS Terminals's Complaint for lack of subject matter jurisdiction is denied.

### III. LEGAL STANDARD

"The power to stay [proceedings] is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." *U.S. v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994) (citing *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983)); *see also Clinton v. Jones*, 520 U.S. 681, 706-07, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket") (citation omitted). In determining whether to grant a stay, courts "must weigh [the] competing interests [of the parties] and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (citations omitted). Courts also consider whether the stay "will simplify issues and promote judicial economy," and "the length of the requested stay." *Hicks v. Swanhart*, No. 12-1633, 2012 WL 6152901 (D.N.J. Dec. 10, 2012) (quoting *Smithkline Beecham Corp. v. Apotex Corp.*, No. 03-3365, 2004 WL 1615307, *7 (E.D. Pa. July 16, 2004)).

### IV. DISCUSSION

5

Landau asserts that the Court should stay this action pending the resolution of the adversary proceeding in the Bankruptcy Court. (CM/ECF No. 12-1 at 3). Because Landau's liability under the Guaranty is "coextensive with and no greater than that of 126 LLC," Landau argues that the "real dispute" underlying the Guaranty "concerns the liability, if any, of 126 LLC to WAS Terminals." (CM/ECF No. 12-1 at 12). In support of his argument, Landau highlights the following language from paragraph 12 of the Guaranty:

> "This Guaranty sets forth the entire agreement and understanding of [WAS Terminals] and [Landau], and [Landau] absolutely, unconditionally and irrevocably waives any and all right to assert any defense, setoff, counterclaim or crossclaim of any nature whatsoever with respect to the Guaranty or the obligations of [Landau] under this Guaranty . . . *except as otherwise provided for in the Agreement of Sale (as defined in the Note) or mandatory counterclaims.*"

(CM/ECF No. 19 at 3-4). Landau asserts that the Agreement of Sale provides him with a defense to this action. Specifically, Landau maintains that pursuant to the Agreement of Sale WAS Terminals is liable to 126 LLC for environmental cleanup costs and funds recovered from third parties. (CM/ECF No. 12-1 at 6-7). The extent of 126 LLC's liability to WAS Terminals under the Agreement of Sale, Landau contends, is the subject of the adversary proceeding in Bankruptcy Court. Therefore, Landau asserts that staying this action while the Bankruptcy Court resolves the related adversary proceeding will promote judicial economy and make this matter easier to resolve. (CM/ECF No. 12-1 at 14; CM/ECF No. 19 at 9).

The Court exercises its broad discretion to stay this proceeding pending the determination by the Bankruptcy Court of the adversary proceeding. Staying this case will simplify issues and promote judicial economy for both the parties and the Court. Resolution of the adversary proceeding will narrow the issues for both parties in this case by construing the extent of WAS Terminal's liability to 126 LLC for environmental remediation costs, if any, under the Agreement of Sale. Consequently, this Court will not have to determine the merits of the

defenses available to 126 LLC under the Agreement of Sale related to the environmental remediation of the Premises that Landau reserved the right to assert pursuant to the Guaranty. Moreover, staying this case eliminates the possibility of both duplicative proceedings and inconsistent interpretations of key provisions of the Agreement of Sale that would impact Landau's obligations under the Guaranty.

## V.   CONCLUSION

For the foregoing reasons, Landau's motion to stay the proceeding pending the outcome of the adversary proceeding in Bankruptcy Court is granted. An appropriate order follows this Opinion.

DATED: 3 of June, 2013.

_____
JOSE L. LINARES
U.S. DISTRICT JUDGE